**HELLENIC LINES LIMITED et al.,**
**Petitioners,**

v.

**FEDERAL MARITIME BOARD and The**
**United States of America,**
**Respondents.**

Nos. 15756–57, 15824–25, 15866, 15870, 15912–13, 15952, 15984.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 16, 1961.

Decided June 30, 1961.

---

Mr. Morton Liftin, Washington, D. C., for petitioners in cases numbered 15756, 15757, 15866, 15912, 15913 and 15984.

Mr. Leonard G. James, San Francisco, Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of Court, with whom Messrs. Robert L. Harmon, San Francisco, Cal., and Charles F. Warren, Washington, D. C., were on the brief, for petitioners in cases numbered 15824, 15825, 15870 and 15952.

Mr. Edward Aptaker, Asst. Gen. Counsel, Federal Maritime Board, with whom Messrs. E. Robert Seaver, Gen. Counsel, Federal Maritime Board, at the time the brief was filed, Robert E. Mitchell, Asst. Gen. Counsel, Federal Maritime Board, and Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondents in cases numbered 15756 and 15757. Mr. James L. Pimper, Gen. Counsel, Federal Maritime Board, also entered an appearance for respondent Federal Maritime Board in cases numbered 15824, 15825, 15870 and 15952. Messrs. Robert E. Mitchell and Edward Aptaker, Asst. Gen. Counsel, Federal Maritime Board, also entered appearances for respondent Federal Maritime Board in cases numbered 15824, 15825, 15866, 15912 and 15913.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

We here consider consolidated petitions to review four orders of the Federal Maritime Board issued pursuant to § 21 of the Shipping Act of 1916, 46 U.S.C.A. § 820.

The Calcutta/United States North Atlantic Trade Order requires information relating to the carriage of ore from Calcutta to ports on the United States Atlantic Coast for the years 1958 and 1959. Specifically it required (1) schedules of vessels, dates, ports, freight rates, surcharges and allowances relating to such carriage; (2) copies of all agreements, understandings, or arrangements relating to the fixing of such rates with other carriers; (3) copies of all intracorporate writings relating to any such agreements, understandings or arrangements; and (4) copies of all communications with other carriers relating to rates charged or to be charged. Two of the carriers subject to this order petition for review.[1]

The Pacific Coast/West Coast of South America Trade Order requires the conference and carriers subject to it to submit all records relating to (1) agreements with all carriers, shippers, etc., relating to adjustments from applicable freight rates and adoption of rates varying according to volume on lumber to Callao, Peru as set forth in a filed tariff; (2) all claims for such adjustments; and (3) all things of substantial value given by carriers to shippers, etc. The Pacific West Coast of South America Conference, its members, and one other carrier [2] petition for review.

The Pacific Coast European Conference Order requires the conference to file all records relating to the application for and the admission to membership in the conference of a particular carrier and all papers disseminating information to all members of the conference from January 1, 1959 to February 26, 1960, the date of the order. The conference and its members petition for review.

---

1. Hellenic Lines, Ltd.; Scindia Steam Navigation Co., Ltd.

2. Kawasaki Kisen Kaisha, Ltd.

The West Coast of Italy to United States North Atlantic Trade Order, directed to only a single carrier,[3] requires the filing of all agreements, understandings, and arrangements with other carriers from January 1952 to the present involving (1) any reduction from regular published rates; (2) copies of all records relating to any such agreement, understandings or arrangements; (3) statements of any such payments made to any of six named companies; and (4) all correspondence with these six companies relating to such payments. The carrier petitions for review.

The carriers and conferences contend that the respective orders directed to them are invalid for substantially the same reasons presented in Montship Lines, Ltd. v. Federal Maritime Board & United States, 111 U.S.App.D.C. ——, 295 F.2d 147. These contentions are resolved by that decision.

In Montship we vacated the Board's § 21 "all agreements" order on the ground that it failed to state the purpose of the investigation there undertaken and consequently no determination could be made of the relevancy of the documents required. We think the instant orders must likewise be vacated for that reason. Although the order under consideration in Montship contained no statement of purpose whatsoever, the instant orders do contain what might loosely be considered statements of purpose. Illustrative is the Pacific Coast/West Coast of South America Trade Order:

> That pursuant to the responsibilities vested in the Board by the aforementioned Shipping Act, 1916, and in the effectuation in the public interest of the Board's regulatory duties under that Act, the Board needs the reports, accounts, records, rates, charges and memoranda of facts and transactions hereinafter described * * *.

This clearly provides no standard for determining the relevancy of the information demanded. The respondents' brief indicates that these orders were issued pursuant to investigations of certain suspected violations of the Shipping Act. If this be so, the Board's orders should so state. The orders will be vacated and the causes remanded to the Board for proceedings not inconsistent with this opinion.

So ordered.

---

**3.** "Italia" Societa Per Azioni Di Navigazione—Genoa (Italian Line).