**MIDWEST VIDEO CORPORATION et al., Petitioners,**

v.

**UNITED STATES of America and Federal Communications Commission, Respondents.**

**No. 18348.**

United States Court of Appeals Eighth Circuit.

June 21, 1966.

**2.** Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

John H. Conlin, Associate Gen. Counsel, and Leonore G. Ehrig, Counsel, F. C. C., and Howard E. Shapiro, Atty., Dept. of Justice, Washington, D. C., for the United States and Federal Communications Commission.

C. Hamilton Moses, of Moses, McClellan, Arnold, Owen & McDermott, Little Rock, Ark., and Harry M. Plotkin, of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for Midwest Video Corp. and Black Hills Video Corp.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

Before this court for consideration is the motion of the United States of America and Federal Communications Commission to transfer this proceeding to the United States Court of Appeals for the District of Columbia Circuit and reply to such motion by the petitioners Black Hills Video Corporation and Midwest Video Corporation.

In this proceeding, the petitioners seek review of the second order of the Commission entered in Dockets 14895, 15233 and 15971 released March 8, 1966. Petition for review of such order was filed with this court on March 9, 1966. It is established that petition for review of the same second order was filed by Midwest Television, Inc., in the United States Court of Appeals for the District of Columbia Circuit on March 8, 1966, and that on March 21, 1966, the Federal Communications Commission filed the index of the record before it with the Clerk of the District of Columbia Circuit pursuant to 5 U.S.C. § 1036 and 28 U.S.C. § 2112.

28 U.S.C. § 2112, so far as material, provides:

"* * * If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency * * * concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals."

The plain language of the statute just quoted requires that the case be transferred to the District of Columbia Circuit. See Ball v. N. L. R. B., 4 Cir., 299 F.2d 683; Montship Lines, Ltd. v. Federal Maritime Bd., 111 U.S.App.D.C. 160, 295 F.2d 147.

Petitioners do not dispute the foregoing legal principles. They concede that as a technical matter jurisdiction to review the second order lies in the District of Columbia Circuit.

However, petitioners urge that inasmuch as this court has before it for review the first order of the Commission in its case No. 18052, Black Hills Video Corp. v. United States, et al., this court should also decide the issues raised by the second order. It is apparent that the

second order presents issues not raised by the first order, particularly in that the second order purports to regulate all CATV systems while the first order deals only with microwave fed CATV systems. There are also differences in the regulations prescribed in the two orders. We are satisfied that this court's jurisdiction to review the first order does not carry with it jurisdiction to review the second order.

The motion to transfer is sustained. It is ordered that this proceeding be transferred forthwith to the District of Columbia Circuit.