**FEDERAL MARITIME COMMISSION,**
Petitioner,

v.

**ZIM ISRAEL NAVIGATION CO., Ltd.,**
Respondent.

Misc. No. 18–304.

United States District Court
S. D. New York.

Jan. 23, 1967.

Robert M. Morgenthau, U. S. Atty., Louis E. Greco, Atty. in Charge, Admiralty and Shipping Section, Dept. of Justice, Robert N. Katz, Sol., H. Б. Mutter, Asst. Sol., Federal Maritime Commission, for petitioner.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for respondent, Edwin Longcope, New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

The Federal Maritime Commission sues to enforce a subpoena issued pursuant to Section 27 of the Shipping Act of 1916, 46 U.S.C. § 826, to Zim Israel Navigation Co., Ltd. (hereinafter Zim), a common carrier by water engaged in the transportation of cargoes between ports in the Far East and ports on the East Coast of the United States. The court has jurisdiction under Section 29 of the Act. 46 U.S.C. § 828.

### I.

Zim and two of its affiliates are respondents in an adjudicatory proceeding pending before the Commission and initiated on the complaint of several Japanese marine insurance companies.

The insurers' complaint filed with the Commission alleges that pursuant to certain policies of cargo insurance they have made payment to consignees in the United States for non-delivery, shortage or damage resulting while cargoes were being transported in respondents' vessels; that respondents acted in concert with certain shippers "to denote various merchandise on their bills of lading in different form than appears in the tariffs in order to provide the shippers with a lower freight rate than is called for in the tariffs * *;" and that subsequent to the arrival of merchandise on the East Coast of the United States respondents "have demanded additional freight payments representing the difference between the carriers' charged rate and the alleged tariff rate solely when subrogated cargo claims are presented for payment" by the insurers, who thus "have been subject[ed] to the demand and payment of the difference in freight rates for the transportation of the aforesaid merchandise and have been unable to claim duly subrogated meritorious claims against the respondents unless such alleged differences of rates were paid." These practices are claimed to have violated Section 16 of the Shipping Act of 1916. 46 U.S.C. § 815. Because of this the insurers allege that they have been unable to collect "claims to which they have been subrogated unless they agree to pay respondents the differences in the above mentioned rates," and "have in fact been made a collection agency for the respondents who apparently only raise the difference in freight rates when a subrogated claim is set forth by the complainants' insurance companies and/or other insurance companies."

The insurers seek an order directing that respondents cease and desist from such alleged violations of the Act and repay charges unlawfully exacted "by way of reparations."

The Commission initiated an adjudicatory proceeding pursuant to Section 22 of the Act, 46 U.S.C. § 821,[1] to resolve

---

1. This provision reads as follows:
   "Complaints to Board and investigations.
   "Any person may file with the Federal Maritime Board a sworn complaint setting forth any violation of this chapter by a common carrier by water, or other person subject to this chapter, and asking reparation for the injury, if any, caused thereby. The Board shall furnish a copy of the complaint to such carrier or other person, who shall, within a reasonable time specified by the Board, satisfy the complaint or answer it in writing. If the complaint is not satisfied the Board shall, except as otherwise provided in this chapter, investigate it in such manner and by such means, and make such order as it deems proper. The Board, if the complaint is filed within two years after the cause of action accrued, may direct the payment, on or before a day named, of full reparation to the complainant for the injury caused by such violation.

the issues presented in the complaint. The complainant insurers thereafter applied to the hearing examiner conducting the proceeding for the issuance of a subpoena duces tecum directed to Zim pursuant to the Rules of Practice and Procedure of the Commission. 46 C.F.R. § 502.131. After argument at a prehearing conference, the examiner issued a modified subpoena duces tecum which was duly served. Zim refused to comply and this action for enforcement followed.

The subpoena is quite narrow in scope, calling for documents and records "including billings from April 3, 1964 to date showing any known instances of misdeclaration of freight; steps taken by Zim to correct or collect same; the name of each shipper, consignee or other party involved;" and "demands by Zim for such and responses thereto."

Zim resists enforcement on the ground that the pending adjudicatory proceeding is not within the statutory functions conferred upon the Commission, and that therefore the issuance of the subpoena cannot be "found to be in accordance with law" in this suit for enforcement. Section 6(c), Federal Administrative Procedure Act. 5 U.S.C. § 1005(c). Zim contends that the administrative proceeding is nothing more than an action to recover cargo claims with the recovery sought camouflaged as "reparations," and that such an action should be brought in the courts and not before the Commission.

## II.

■■ It is unnecessary to discuss at length the familiar requirements governing judicial enforcement of administrative subpoenas. As long as the "evidence sought by the subpoena" is not "plainly incompetent or irrelevant to any lawful purpose" of the administrator, it is the "duty of the District Court to or-

der its production." Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509, 63 S.Ct. 339, 343, 87 L.Ed. 424 (1943); see United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L. Ed.2d 112 (1964). "Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshhold." In re Edge Ho Holding Corp., 256 N.Y. 374, 382, 176 N.E. 537, 539 (1931) (Cardozo, J.). There is no doubt that this flexible standard of relevancy applies equally where the Maritime Commission seeks enforcement of its subpoenas. E. g., Federal Maritime Comm'n v. DeSmedt, 366 F.2d 464, 468 (2 Cir. 1966); Far East Conference v. Federal Maritime Comm'n, 119 U.S.App.D.C. 110, 337 F.2d 146, 150–151 (1964), cert. den. sub nom. Pacific Coast European Conference v. Federal Maritime Comm'n, 379 U.S. 991, 85 S.Ct. 704, 13 L.Ed.2d 611 (1965); Federal Maritime Comm'n v. Transoceanic Terminal Corp., 252 F.Supp. 743 (N.D.Ill. 1966).

■ So tested, it is apparent that the material sought by the subpoena is relevant to matters within the investigative competence of the Commission. Section 16, 46 U.S.C. § 815, unquestionably "prohibit[s] rebates on established tariffs and outlaw[s] undue preference or prejudice to any person, locality, or type of traffic." Federal Maritime Comm'n v. Caragher, 364 F.2d 709, 713 (2 Cir. 1966). It forbids "any shipper * * * or other person" from obtaining or attempting "to obtain transportation by water for property at less than the rates or charges which would otherwise be applicable" by means of "false billing, false classification * * * or

"The Board, upon its own motion, may in like manner and, except as to orders for the payment of money, with the same

powers, investigate any violation of this chapter."

by any other unjust or unfair device or means." [2]

The complaint filed by the Japanese insurers squarely alleges a misdescription of cargo by Zim and the other respondents in violation of Section 16. The billings and other information described in the subpoena are plainly relevant to that subject matter. Cf. Federal Maritime Comm'n v. DeSmedt, supra; Pacific Westbound Conference v. United States, 332 F.2d 49, 53 (9 Cir. 1964).

■■ Under Section 22 of the Act "*any person* may file with the [Commission] a sworn complaint setting forth *any* violation of this chapter by a common carrier by water * * *, and asking reparation for the *injury, if any,* caused thereby" (emphasis added). The "words 'injury if any' indicate that the remedy does not necessarily include 'reparation,' but may relate only to the prevention of unfair or discriminatory rates in the interest of the public." Isthmian S.S. Co. v. United States, 53 F.2d 251, 253 (S.D. N.Y.1931) (per curiam). Thus the insurers are entitled to seek relief before the Commission against violations of the Act whether or not they have been directly injured or are entitled to reparations. Rivoli Trucking Corp. v. New York Shipping Ass'n, 167 F.Supp. 940 (S.D.N.Y. 1957). Here they have asked for a cease and desist order and reparations as well. Their standing to file a complaint on the grounds alleged and the Commission's jurisdiction to entertain the proceeding does not stand or fall on whether the insurers can use the proceedings before the Commission as a vehicle to recover cargo claims which, as Zim contends, should be maintained in the courts. Whether or not the insurers are entitled to reparations in the proceedings before the Commission—a question which need not be decided here—they have standing to file the complaint and the Commission has jurisdiction to entertain it. Cf. Isbrandtsen-Moller Co. v. United States, 300 U.S. 139, 145, 57 S.Ct. 407, 81 L.Ed. 562 (1937).

### III.

Respondent Zim is directed to comply with the subpoena in all respects within thirty (30) days from the date of the order to be entered on this decision.

Settle order on notice.

---

2. 46 U.S.C. § 815 provides in pertinent part:

"Discriminatory acts prohibited.

"It shall be unlawful for any shipper, consignor, consignee, forwarder, broker, or other person, or any officer, agent, or employee thereof, knowingly and willfully, directly or indirectly, by means of false billing, false classification, false weighing, false report of weight, or by any other unjust or unfair device or means to obtain or attempt to obtain transportation by water for property at less than the rates or charges which would otherwise be applicable.

"It shall be unlawful for any common carrier by water, or other person subject to this chapter, either alone or in conjunction with any other person, directly or indirectly—

"First. To make or give any undue or unreasonable preference or advantage to any particular person, locality, or description of traffic in any respect whatsoever, or to subject any particular person, locality, or description of traffic to any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

"Second. To allow any person to obtain transportation for property at less than the regular rates or charges then established and enforced on the line of such carrier by means of false billing, false classification, false weighing, false report of weight, or by any other unjust or unfair device or means.

"Third. To induce, persuade, or otherwise influence any marine insurance company or underwriter, or agent thereof, not to give a competing carrier by water as favorable a rate of insurance on vessel or cargo, having due regard to the class of vessel or cargo, as is granted to such carrier or other person subject to this chapter."