The **AMERICAN CIVIL LIBERTIES UNION, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COM-MISSION and United States of America, Respondents.**

**No. 73-1346.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 24, 1973.

---

Joseph A. Marino, Associate Gen. Counsel, Gregory M. Christopher, F. C. C., and Howard E. Shapiro, Atty., Dept. of Justice, were on the motions to dismiss and to transfer for respondents.

Dennis Grossman and Albert H. Kramer, Washington, D. C., were on the opposition to the motions for petitioner.

Before FAHY, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

FAHY, Senior Circuit Judge:

The Federal Communications Commission has moved to dismiss as untimely a petition filed by the American Civil Liberties Union to review a Commission order denying a rehearing, or to transfer the petition to the Court of Appeals for the Ninth Circuit. For reasons to be stated· we deny the motion to dismiss and grant the motion to transfer.

## I

A petition for review of an order of the Commission must be filed within 60 days after entry of the final order in the proceeding. 28 U.S.C. § 2344 (1970). The time within which the petition must be filed in a proceeding to which section 402(a) of the Communications Act applies "shall be computed from the date upon which public

notice is given of orders disposing of all petitions for rehearing filed with the Commission in such proceeding or case . . . ." 47 U.S.C. § 405 (1970). The order which petitioner asks us to review was issued on June 26, 1972.[1] It denied ACLU's petition for rehearing of an order previously issued [2] in the course of the protracted and then incompleted inquiry by the Commission with respect to regulations of Cable Television (CATV). The proceeding was entitled Commission Docket No. 18397. It was initiated in December, 1968, and was not completed until January 31, 1973, at which latter date the Commission denied all then pending petitions for reconsideration.[3]

The ACLU filed in this court the instant petition for review on April 2, 1973, more than 60 days after its own petition for rehearing had been denied on June 26, 1972, but within 60 days from the Commission's order of January 31, 1973.

Section 405 of the Communications Act clearly contemplates that in a proceeding such as Docket No. 18397 there may be several petitions for rehearing filed with the Commission and acted upon at different times before final action disposing of all. Though the Commission now contends that the hearings held with respect to the particular order relevant to ACLU's petition for review, and the hearings with respect to subsequent orders in Docket No. 18397, were separate and distinct, it has previously referred to this over-all inquiry in Docket No. 18397 as a single proceeding. See, e.g., Notice of Proposed Rule Making in Docket 18894, 25 F.C.C.2d 38 (1970). The Commission chose the structure of its proceeding, and during its course omitted to segregate the issues relevant to its several orders for separate treatment under different docket numbers. A party to the proceeding therefore was justified in relying upon the Commission's plan under which all orders in Docket No. 18397 were issued in the course of a single on-going proceeding. Hence, even though during the proceeding the Commission intermittently issued several orders, each of which if considered alone might be considered final, but all of which preceded the ultimate order disposing of the last pending petition for rehearing, the statute reasonably construed authorizes a petition for review to be filed within sixty days from the date of the Commission's "final" order of January 31, 1973. ACLU's petition for review therefore was timely filed.

## II

The Commission has also moved for transfer of ACLU's petition of April 2, 1973, to the Court of Appeals for the Ninth Circuit where a petition had been filed on February 28, 1973 for review of the order of January 31, 1973, and where the record in Docket No. 18397 had been filed by the Commission March 22, 1973. On the transfer problem 28 U.S.C. § 2112(a) (1970) provides in pertinent part as follows:

If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed.

This provision contemplates judicial review of particular agency action by the same court. The parties are spared simultaneous participation in proceedings in more than one circuit, and forum shopping is discouraged.

1. Memorandum Opinion and Order on Reconsideration of the Cable Television Report and Order, 36 F.C.C.2d 326.

2. Cable Television Report and Order, 36 F.C.C.2d 143, issued February 3, 1972.

3. Memorandum and Opinion and Order in Docket No. 18397, 39 F.C.C.2d 377 (1973).

It is the contention of the ACLU that although the orders of which review is sought respectively in our court and the Ninth Circuit, were issued during the course of the same proceeding, nevertheless they are not "the same order" within the meaning of section 2112(a). Alternatively, the ACLU argues that transfer of its petition is not required because prior to the filing of both its petition and that filed with the Ninth Circuit there had been pending in this court an earlier petition for review of the Commission order of June 26, 1972 in Docket No. 18397. The petition referred to was disposed of by this court on April 6, 1973. National Ass'n of Theatre Owners v. F.C.C., 155 U.S.App.D.C. 281, 477 F.2d 450. With respect to this contention we think it would be inappropriate to accept as controlling on the issue of transfer the date of filing of a petition for review which had been acted upon finally before the motion to transfer is made. Cf., Far East Conference v. F.M.C., 119 U.S. App.D.C. 110, 112, n. 1, 337 F.2d 146, 148, n. 1 (1964), cert. denied, 379 U.S. 991, 85 S.Ct. 704, 13 L.Ed.2d 611 (1965). It is not possible to consolidate a pending petition with one involved in litigation which has ended.

■ The contention that the two orders of which review is sought are not the same presents a more difficult problem. True it is that the particular subject matter of the two petitions is not the same; but, as we have seen, the orders were issued during the course of the same proceeding and are to be reviewed on the same record made in Docket No. 18397. The several orders issued in the course of that proceeding represent the staggered implementation of a single, multi-faceted agency undertaking. In this situation we think section 2112(a) does not preclude transfer of the present petition of the ACLU merely because the order it challenges is distinct from that denying reconsideration of the order of which review is sought in the Ninth Circuit. The Com-

mission, though it found it preferable, was not required intermittently to issue orders partially implementing the CATV regulations considered in Docket No. 18397, rather than to wait until the hearings with respect to all aspects of its proposed action were completed and the record in the Docket closed. Had the Commission issued its orders in the over-all proceeding at the same time in a single "Report and Order," there would be no dispute that the "first instituted" terms of section 2112(a) would gather to the same Court of Appeals all petitions for review subsequently filed, even though the Commission had not acted simultaneously upon each petition for rehearing.

■ Although section 2112(a) would seem not to have been drafted in contemplation of the circumstances now before us, the court is not barred from interpreting the section in a manner to embrace the situation. See, Cardozo, The Nature of Judicial Process, in Selected Writings of Benjamin Nathan Cardozo, 111 (1957). The public policy underlying section 2112(a) requires that it "be liberally applied to permit review by a single court of closely related matters where appropriate for sound judicial administration." Eastern Air Lines, Inc. v. C.A.B., 122 U.S.App.D.C. 375, 379, 354 F.2d 507, 511 (1965). In this prolonged and complex proceeding, unless this review provision is construed to permit the transfer of the petition of the ACLU it might be necessary to file the same record in different circuits in which various like petitions could be filed, resulting in the action of the agency being subjected to fragmentary review by different courts.

Consistently with its basic purposes and in light of its full context, we now construe the terms of section 2112(a) "the same order," to be, in this proceeding, that order which became the subject of a petition to review first filed after the final order of January 31, 1973, and which first drew to the court where filed the record in the proceeding.

Accordingly, the motion of the Commission to transfer to the Ninth Circuit the petition of the ACLU is granted.

It is so ordered.