**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BAYSIDE ENTERPRISES, INC., et al., Respondents.**

No. 75–1070.

United States Court of Appeals, First Circuit.

Submitted March 7, 1975.

Decided March 25, 1975.

---

Alan J. Levenson, Portland, Me., on petition to transfer, for respondents.

Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on opposition to petition for transfer, for petitioner.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The petitioner filed a petition for enforcement of a National Labor Relations Board order in this circuit. The respon-

* We recognize that there are limited exceptions, but the range is extremely narrow. Public Service Com'n for the State of New York v.

dent had previously filed a petition for review of the same order in the Fifth Circuit. Upon motion by the respondent, which was at the time unopposed, we ordered the records transferred to that circuit. The petitioner filed its opposition late and we treat it as a motion for reconsideration of the transfer.

■ Petitioner argues that we should retain the case because the Fifth Circuit will determine that the claim of venue in that circuit is frivolous. On the facts as presented to us, this may well be so. But so to argue is in effect to ask us to anticipate what another court is given to decide. Title 28 U.S.C. § 2112(a) specifically provides that: "[i]f proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board . . . concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed."

■■ The board argues that the statute contemplates that the court must await its filing of the record and that the filing first in time must also be proper. This argument would lead to the untenable situation where two circuits would have to pass on the issue of venue. Section 2112(a) itself contemplates that the court of first filing may "for the convenience of the parties in the interest of justice . . . thereafter transfer all the proceedings with respect to such order to any other court of appeals." See also Panhandle Eastern Pipeline v. Federal Power Commission, 343 F.2d 905 (8th Cir. 1965). The statute's purpose is amply demonstrated by the motions which we have addressed; it is to provide a mechanical rule easy of application to avoid confusion and duplication by the courts.* Our order of transfer stands.

Motion denied.

Federal Power Commission, 153 U.S.App.D.C. 195, 472 F.2d 1270 (1972).