BASF WYANDOTTE CORPORATION
et al., Petitioners,

v.

Douglas M. COSTLE, Administrator,
Environmental Protection Agency,
Respondent.

E. I. Du PONT de NEMOURS & CO.
et al., Petitioners,

v.

Douglas M. COSTLE, Administrator,
Environmental Protection Agency,
Respondent.

MOBAY CHEMICAL CORPORATION,
Petitioner,

v.

Douglas M. COSTLE, Administrator,
Environmental Protection Agency,
Respondent.

MONSANTO COMPANY, Petitioner,

v.

Douglas M. COSTLE, Administrator,
Environmental Protection Agency,
Respondent.

DOW CHEMICAL COMPANY,
Petitioner,

v.

Douglas M. COSTLE, Administrator,
Environmental Protection Agency,
Respondent.

Nos. 77–1042, 77–1059, 77–1081,
77–1085 and 77–1153.

United States Court of Appeals,
First Circuit.

Submitted July 10, 1978.

Decided July 25, 1978.

Robert C. Barnard, Douglas E. Kliever, Charles F. Lettow and Cleary Gottleib, Steen & Hamilton, Washington, D. C., on motion to file amended petitions for review in Cases 77–1042 and 77–1059, and on memorandum.

Daniel M. Dibble, Gary S. Dyer, C. David Barrier and Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., on memorandum for petitioner in Case No. 77–1081.

D. Robert Cumming, Jr., J. D. Fleming, Jr., and Sutherland, Asbill & Brennan, Atlanta, Ga., on memorandum for petitioner in Case No. 77–1153.

Paul M. Kaplow, Atty., Dept. of Justice, and Colburn T. Cherney, Atty., Environmental Protection Agency, Washington, D. C., on memorandum for respondent.

Before COFFIN, Chief Judge, and BOWNES, Circuit Judge.

COFFIN, Chief Judge.

We have before us a motion to amend petitions for review. Essentially, the disposition of this motion will determine initially [1] whether we or the Fifth Circuit are mandated as the forum to conduct the review of the Environmental Protection Agency's final regulations setting effluent limitation guidelines for the pesticides industry.

In order to address the statute and case law which control the outcome of this motion, it is necessary to set out the events leading up to the present motion. On November 1, 1976, E.P.A. promulgated its interim regulations in this area, 41 Fed.Reg. 48047, which became effective immediately as a result of "an order of the United

---

1. Because of the two-tiered procedure in 28 U.S.C. § 2112(a), the Fifth Circuit will have an opportunity to exercise their discretion to re-transfer the petition for review. *See infra.*

States District Court for the District of Columbia entered in *Natural Resources Defense Council v. Train, et al.* [396 F.Supp. 1393] (Cv. No. 1609–73) . . . .", 41 Fed. Reg. 48088. BASF filed the first petition for review in this court in January, 1977. Subsequently, petitions were filed by other chemical companies, including Dow, in the Sixth Circuit, and by Mobay Chemical Corporation in the Eighth. These were transferred to this court pursuant to 28 U.S.C. § 2112(a).[2] On April 25, 1978, E.P.A. published its final regulations on this subject. 42 Fed.Reg. 17775. These amended the 1976 interim regulations, and were effective immediately. 43 Fed.Reg. 17776. On April 24, the day before these final amendments were published, Dow Chemical filed a petition for review, this time in the Fifth rather than the Sixth Circuit. Thereafter, on May 1, 1978, BASF filed the present motion to amend their prior petitions so as to include the 1978 regulations as well as the earlier interim regulations. If we grant BASF's motion, then, presumably, the amendment would date back to the time of the initial filing, and for purposes of 28 U.S.C. § 2112(a) we would be the forum in which the finalized regulations would be reviewed; if we deny the motion, then we would transfer the proceedings as to this final set of guidelines to the Fifth Circuit. *See* note 2. We thus find ourselves in the position of being the initial decisionmaker in a set of events which have the appearance of forum shopping.

To help us make this decision, we requested the parties to file further memoranda focusing on whether the 1976 regulations are now moot; to what extent the 1978 regulations modified those issued in 1976; and whether, for the purposes of 28 U.S.C. § 2112(a) the interim regulations and the final ones are "the same order".

On the issue of mootness it is clear that the interim regulations have been superseded by the final regulations and have no further prospective effect. However, the interim regulations were in force in the period of 1976–1978, and as between E.P.A. and Mobay, there is ongoing litigation whose outcome may turn on the past validity of the interim regulations.[3] For this reason it appears that at least as to Mobay the 1976 regulations are not moot and no party seriously disputes this.

As to the differences between the interim and final regulations, the 1976 interim regulations established five subcategories. Two of these, Metallo-Organic Pesticides and Pesticide Formulators and Packagers are unchanged by the final regulations. The other three subcategories were merged into one, titled Organic Pesticides. More importantly, the quantities of permissible discharge in these subcategories were substantially altered, and certain substances were removed from the guidelines altogether. Thus the new regulations not only will affect various parties in different ways than did the interim standards, but some parties previously affected may now not be governed at all by the regulations.

Given the lack of mootness and the presence of significant differences between the two sets of regulations, it is necessary to determine whether they are one and the same order for purposes of § 2112(a). In relevant part this statute provides for a

---

**2.** The pertinent sentences in § 2112(a) controlling this transfer provide:

"If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed."

**3.** That litigation is currently before the Eighth Circuit and the District Court for the western district of Missouri. The argument arises out of the grant and subsequent objection to the grant, of a National Pollutant Discharge Elimination System Permit in Missouri. This permit apparently had the effect of exempting Mobay from the discharge levels set out in the 1976 interim regulations. Mobay alleges that the objection by E.P.A. was untimely and thus without legal effect. However, if Mobay does not prevail on this ground, it will have to challenge the validity of the interim regulations or face penalties for violating them.

two-step process for determining where petitions have been filed in more than one court of appeals, and in which forum the agency order will be reviewed. The first step is the one with which we are now concerned: it mandates transfer to the court in which a petition is first filed.

"If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed."

However, if the transfer to the first-in-time court works a hardship, then that court has discretion to retransfer the case to any court of appeals. The statute describes this second step as follows:

"For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such orders to any other court of appeals."

Our analysis begins with the language of the statute. While it does not define what constitutes "the same order" for the purposes of the mandated transfers, the presence of the second step, with its grant of discretion to compensate for any harshness which may result, suggests that the first test is to be applied rigidly, and its provisions to be read narrowly. If the contrary were true, and the first step were to be read expansively, then it would make the transfer procedure far less certain, and would render the second, discretionary step superfluous. We so held in *NLRB v. Bayside Enterprises, Inc.*, 514 F.2d 475, 476 (1st Cir. 1975):

"The statute's purpose is amply demonstrated by the motions which we have

addressed; it is to provide a mechanical rule easy of application to avoid confusion and duplication by the courts.*

"* We recognize that there are limited exceptions, but the range is extremely narrow. *Public Service Com'n for the State of New York v. Federal Power Commission*, 153 U.S. App.D.C. 195, 472 F.2d 1270 (1972)."

Looking beyond the language of the statute itself to its legislative history, it "sheds little direct light on the question: when, for transfer purposes, is an order not one but several?" *Bristol Laboratories v. Richardson*, 456 F.2d 563, 564 (1st Cir. 1971) (Coffin, J., sitting as single judge on motions). The only concern Congress focused on in authoring the first-in-time provision, was that at the time it was drafting § 2112(a) "the agency by selecting the court in which it files the record, determines which court shall have jurisdiction. Rep.No.2129, 85th Cong., 2d Sess. reprinted in 1958 U.S.Code Cong. & Admin.News, pp. 3996, 3999; 104 Cong.Rec. 17537 (1958) (remarks by Sen. Eastland).

However, the overall general purpose of the legislation was "to save time and expense";[4] "to facilitate the review by the courts of appeals of orders of administrative agencies subject to review by the courts of appeals";[5] and to ensure "that the adoption of this legislation would result in the saving of time on the part of the court of appeals".[6] If a court of appeals is required to labor over what are the exceptions to the mandated transfer, *Public Service Commission, supra*, 153 U.S.App.D.C. at 197, 472 F.2d at 1272, this Congressional purpose will not be fulfilled.

For this reason, we reaffirm our holding that the mandated transfer of 28 U.S.C. § 2112(a) is to be read narrowly "to provide a mechanical rule easy of application to avoid confusion and duplication by the courts". *NLRB v. Bayside Enterprises, Inc., supra*, 514 F.2d at 476; *cf. Midwest*

---

4. U.S.Code, *supra*, at 3996.

5. Letter from the acting director of the Administrative Office of the United States Courts, incorporated by reference into S.Rep.No.129, reprinted in U.S.Code, *supra*, at 4000.

6. 104 Cong.Rec. 17537 (1958) (explanation by Senator Eastland).

*Video Corp. v. United States,* 362 F.2d 259 (8th Cir. 1966). Once all the proceedings have been transferred to one court, then that court, in its discretion, can determine whether a second transfer is appropriate. *Bayside, supra,* at 476.[7] *See American Civil Liberties Union v. F. C. C.,* 158 U.S.App. D.C. 344, 486 F.2d 411, 414 (1973); *Public Service Com'n for the State of New York v. F. P. C.,* 153 U.S.App.D.C. 195, 472 F.2d 1270, 1272 (1972); *Eastern Air Lines, Inc. v. C. A. B.,* 122 U.S.App.D.C. 375, 378–79, 354 F.2d 507, 510–11 (1965). *Cf. Am. Tel. & Tel. Co. v. F. C. C.,* 519 F.2d 322, 325 (2d Cir. 1975) (dicta).

■ Of course deciding that a mechanical rule is desirable does not answer the question of what that rule should be. We admit to conceiving of two valid approaches: treating sequential orders as different for § 2112(a) purposes if there is more than a de minimis substantive difference between them; and treating sequential orders as the same order if they arise from the same administrative background and cumulative record. Neither rule is fully automatic in application for there may be disputes about what a de minimis difference is just as there may be arguments over what should be considered the same administrative proceeding. However, on balance we believe that applying the de minimis rule requires considerably more knowledge of the often complicated substantive content of the orders than would a rule requiring no more than an evaluation of the background proceedings out of which the regulations arose. Clearly from our perspective a rule focusing on the content and scope of an order would be less than satisfactory in achieving the ease of application contemplated by the statute.

Therefore, we agree with the District of Columbia Circuit in *Public Service Com'n, supra,* 153 U.S.App.D.C. 197, 472 F.2d at 1272, that sequential regulations should be

considered the same order if they arise from the "same or interrelated proceedings" and that this interpretation of the statute should be strictly applied. If difficulties arise the statute's second guideline provides for more than enough discretion to enable this court to take whatever steps are necessary to insure judicial economy and fairness to all concerned. Moreover, this rule will free parties from futile races to the courthouse of the circuit they prefer every time a temporary regulation is modified or finalized.

■ There can be no doubt that the 1976 interim regulations and the 1978 final regulations arose from the same administrative proceeding. Indeed, this is perhaps the clearest instance of identity of proceeding, for the earlier form of the regulations would not have been implemented at all but for judicial decree. Therefore, we hold that the 1976 and 1978 regulations are the same order for § 2112(a) purposes. Accordingly, we see no reason why BASF should not be permitted to amend its petition to review the interim regulations so that the original petition may be considered to request review of both the interim and final regulations.

■ It is our understanding that petitioners BASF Wyandotte and Mobay Chemical Corp. and respondent, E.P.A., all agree that the same circuit should review the interim and final regulations and that there is no reason under the second tier, discretionary transfer provision of § 2112(a) to transfer this case to another circuit. Dow Chemical, of course, has argued that the Fifth Circuit is a more appropriate locus for this adjudication. While we admit to believing that there is significant utility in having these regulations reviewed by the same court of appeals we do not wish to foreclose any of the parties from raising any additional arguments they may wish to

---

7. In *Bayside,* petitioner argued that this court should retain jurisdiction because the claim of venue in the Fifth Circuit, where a petition was filed first, was frivolous. We concluded there, as we do here, that it was for that court to make such a determination:

"On the facts as presented to us, this may well be so. But so to argue is in effect to ask us to anticipate what another court is given to decide." *Bayside, supra,* at 476.

present to us on the use of our discretion to transfer the *entire* case. Therefore, we will permit any parties who so desire to submit memoranda of fact and law to us on this question within twenty days from the date of issue of this order. If a party wishes us to make a formal ruling on the question of discretionary transfer but prefers to have us base that decision on the materials already filed it should indicate this to us within the same time period. If nothing further is filed in this matter after twenty days, we will assign dates for briefing and argument and go forward with the case.

*The motion to amend the petitions to review the 1976 regulations in Cases 77–1042 and 77–1059 is granted; memoranda of law and fact in accordance with this order are to be filed by the parties no later than August 14, 1978; pending further order of the court the petitions for review of the 1976 regulations in all cases will not be heard at the September sitting; and the briefing schedule in all cases is stayed until further order of court.*