610 F.2d 187
 13 ERC 2051, 10 Envtl. L. Rep. 20,051
 VIRGINIA ELECTRIC AND POWER COMPANY, Appalachian Power
Company, Baltimore Gas and Electric Company, Carolina Power
& Light Company, Delmarva Power & Light Company, Duke Power
Company, Monongahela Power Company, Ohio Power Company,
Potomac Edison Company, Potomac Electric Power Company,
South Carolina Electric & Gas Company, West Penn Power
Company, Petitioners,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and Douglas M.
Costle, Administrator, Respondents, (four cases).
 No. 79-1308.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 3, 1979.
Decided Dec. 4, 1979.
 
 Turner T. Smith, Jr., Richmond, Va., for petitioners.
 Richard Stoll, for respondents.
 Before HAYNSWORTH, Chief Judge, and WIDENER and PHILLIPS, Circuit Judges.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 The Environmental Protection Agency (EPA) has moved to dismiss as premature petitions for review of certain of its regulations filed by the Virginia Electric and Power Company, Et al. (the utilities) before the hour and date specified by the EPA as the time that challenged regulations were to be considered effective for purposes of judicial review. We grant the motion.
 
 
 2
 On May 1, 1979, the EPA announced that proposed changes in the National Pollutant Discharge Elimination System regulations under the Clean Water Act, 33 U.S.C. § 1251 Et seq., would become effective for purposes of judicial review at 1:00 p. m. eastern time, seven days after they were published in the Federal Register. By designating this as the "trigger" for judicial review, the EPA sought to impose some order in the increasingly unseemly races to the courthouse to challenge regulations that often result where parties seeking review perceive some advantage in being in one court of appeals rather than another. The outcome of these races is important to the parties because of the operation of 28 U.S.C. § 2112(a), which provides that where the same agency order is challenged in more than one court of appeals, the agency shall file the record in the court of appeals in which a proceeding to review the order was first filed, and that all the other courts in which such proceedings are pending must transfer those proceedings to the court in which the record is filed. Although the statute allows the proceedings then to be transferred from the court of first filing "(f)or the convenience of the parties in the interest of justice," the party able to file first has an obvious advantage in choosing the forum for review.
 
 
 3
 Because any of several events the signing of the regulations, their announcement, their delivery to the Office of the Federal Register, etc. might arguably trigger judicial review, parties have gone to great lengths to determine precisely when these various physical events occur and have engaged in duplicative protective filings in order to secure the perceived advantage of first effective filing. Despite the EPA's announcement of the trigger for review of these regulations, the utilities filed three petitions for review based on other arguably triggering events, in addition to filing one on June 14, 1979 at 1:00 p. m. eastern time,[1] the trigger time specified by the EPA.
 
 
 4
 The utilities now argue that while the EPA's attempt to specify the trigger was "laudable,"[2] the one specified was not one of the permissible candidates, as it was not based on any physical event. They base this argument on the language of section 509(b) of the Clean Water Act, 33 U.S.C. § 1369(b), which provides for review in the courts of appeals of "the Administrator's action . . . in promulgating" an order. The contention is simple and impeccably logical if its basic premise is accepted: the last event that could qualify as "administrator's Action " was the publication of the signed regulations on June 7; no "action" within the statute's contemplation occurred at 1:00 p. m. eastern time on June 14; therefore an earlier filing contemporaneous with the last "action" is not premature, but precisely on time. We agree with the EPA that this exalts form over substance, and cannot believe that Congress intended the phrase "administrator's action" to have the critical significance the utilities assign it.[3]
 
 
 5
 The triggering device challenged here is identical to that unsuccessfully challenged in Southland Mower Company v. United States Consumer Product Safety Commission, 600 F.2d 12 (5th Cir. 1979). There the Consumer Product Safety Commission set the time that its regulations were to be effective for judicial review as 12:00 noon on February 26, 1979. The regulations were published in the Federal Register on February 15, 1979. The court upheld the procedure: "Agencies have a great deal of discretion in determining the manner in which their actions are promulgated; therefore, we should defer to the agency's choice as long as it is reasonable." Id., at 13.
 
 
 6
 There can be no question that the triggering device specified here was a reasonable effort to avoid at least some of the confusion and expense and unseemliness that had developed in the statutorily inspired races to the courthouse. The EPA set the promulgation date as one week after the publication date to allow all parties to read and consider the regulations before seeking review. In addition, it eliminated the unfair advantage to those parties who find out first that an unannounced physical event constituting "promulgation" has occurred. We conclude that the means chosen were a valid exercise of the agency's statutory powers.
 
 
 7
 This conclusion does not imply that an agency may postpone for any period of time past the time of substantive effectiveness of regulations their exposure to judicial review. Here, however, the exposure to judicial review commenced prior to the stated time at which the regulations were to become effective for substantive purposes.[4]
 
 
 8
 The motion by EPA that all petitions filed before 1:00 p. m., eastern time, on June 14, 1979, be dismissed as premature is granted.[5]
 
 
 9
 MOTION GRANTED.
 
 
 
 [1]
 The regulations were published in the Federal Register on June 7, 1979
 
 
 [2]
 Indeed, the utilities had specifically invited the attempt to impose some degree of order into a race that remains unavoidable in some form under the statute
 
 
 [3]
 EPA argues that in any event a more specific statutory reference point than the "Administrator's action" for commencement of the judicial review period is the date of "promulgation" of regulations. 33 U.S.C. § 1369(b). If decision turned on so technical a reading of the statute, we would find EPA's contention highly persuasive
 
 
 [4]
 The regulations were not to become substantively effective until 60 and 120 days (for different Parts) from the end of the "deferral period." 44 Fed.Reg. 32856
 
 
 [5]
 The Agency's further request for relief consequent upon dismissal of the petitions for prematurity need not be addressed here. Entitlement to a decision by affected Circuits resolving the question of the appropriate Circuit for filing of record follows as of course. This will involve conference between the Circuits to break any first filing time "ties" resulting from grant of this and comparable motions in other Circuits