**CITY OF GALLUP, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

**Public Service Company of New Mexico, Intervenor.**

**No. 82–1115.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 1984.

See also 716 F.2d 778.

On petition for rehearing.

Before ROBINSON, Chief Judge, ED-WARDS *, Circuit Judge, and Mac-KINNON, Senior Circuit Judge.

Opinion filed PER CURIAM.

PER CURIAM:

Last term we dealt with several petitions by the City of Gallup, New Mexico, for review of an order of the Federal Energy Regulatory Commission setting rates chargeable by the Public Service Company of New Mexico (PNM).[1] We transferred one of the petitions to the Tenth Circuit, and we dismissed the rest.[2] Gallup now seeks reconsideration of one aspect of that disposition.

In a typical race to the courthouse, Gallup sought review of the Commission's order in this circuit, while PNM attempted to gain access to the Tenth Circuit for that purpose. A total of eight petitions for review were generated. The first three, which we refer to as Group I, were filed by Gallup in this circuit several days before the Commission actually issued its order. The next three, comprising Group II, were two filed by PNM in the Tenth Circuit and one by Gallup in this circuit. All Group II petitions were file-stamped between 2:59:25 p.m. and 2:59:57.3 p.m., E.S.T., on the day the Commission issued its order. A few days later, the last two petitions, Group III, were one filed by PNM in the Tenth and another by Gallup in this circuit.

We dismissed Gallup's remaining Group I petitions[3] as premature, transferred Gallup's Group II petition to the Tenth Circuit, in which one of PNM's Group II petitions had been filed a split-second sooner, and

---

\* Circuit Judge Edwards did not participate in the consideration or disposition of this petition.

**1.** See *City of Gallup v. FERC,* 226 U.S.App.D.C. 379, 702 F.2d 1116 (1983).

**2.** *Id.* at 388, 702 F.2d at 1125. One of Gallup's three Group I petitions was earlier withdrawn. *Id.* at 383, 702 F.2d at 1120.

**3.** See note 2 *supra.*

dismissed Gallup's Group III petition *sua sponte*.[4] Our decision to transfer the Group II petition derived from our interpretation of the statutory directive that, "[i]f proceedings have been instituted in two or more courts of appeals with respect to the same order[,] the ... commission ... shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted."[5] Following a procedure which we previously had utilized,[6] and which had received apparent approval by the Third Circuit,[7] we deferred to the Tenth Circuit[8] for determination of the validity of the earlier but arguably premature Group II petition filed by PNM in that court.[9] We dismissed Gallup's Group III petition "[i]n the interest of administrative ease."[10] We viewed that petition as "duplicative," noting that "there [was] no assertion that Gallup's [Group II] petition [was] premature."[11]

Subsequently, however, the Tenth Circuit dismissed all three Group II petitions as indeed premature.[12] The court established 10:00 a.m. and 3:00 p.m., when the Commission officially issues its orders, as moments critical to timely filing of review petitions.[13] Because the petitioners had not asserted that their respective petitions—all time-stamped earlier than 3:00 p.m.—had actually been filed at or after 3:00 p.m., the Tenth Circuit held all of the Group II petitions invalid.[14] The court also found that PNM's Group III petition was the first to be timely filed, and directed the Commission to file the administrative record in that court.[15]

Gallup then returned to this court with a motion for leave to petition for rehearing out of time and a tendered petition seeking rehearing of our order and recall of our mandate insofar as the order dismissed Gallup's Group III review petition. Gallup alleges that it will effectively be deprived of its right of review unless that petition is reinstated.[16]

Because of the Tenth Circuit's unanticipated action, our dismissal of Gallup's Group III petition has had an unintended effect. The assumption upon which we based our action—that Gallup's Group II petition would not be held premature by the Tenth Circuit—has proven to be erroneous. Since the statutory time period for filing a new petition has now expired,[17] Gallup will be unable to obtain judicial review unless

---

**4.** *City of Gallup v. FERC, supra* note 1, 226 U.S.App.D.C. at 388, 702 F.2d at 1125.

**5.** 28 U.S.C. § 2112(a) (1976). That section further reads:

> The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.

**6.** See *Allied-General Nuclear Serv. v. NRC,* Nos. 78–1144 & 78–1422 (D.C.Cir. July 26, 1978) (per curiam); *Abourezk v. FPC,* 168 U.S. App.D.C. 246, 513 F.2d 504 (1975) (statement of Bazelon, C.J.).

**7.** *Westinghouse Elec. Corp. v. NRC,* 598 F.2d 759, 767–768 (3d Cir.1979).

**8.** In our opinion, we made known that we did "not necessarily intend to relinquish any participation in the choice of forum decision should the Tenth Circuit decide that the first PNM petition is premature and the other two are simultaneous," but that "[i]n such a case, we would expect that that court would contact this court informally to designate one of the courts to make the choice of forum." *City of Gallup v. FERC, supra* note 1, 226 U.S.App.D.C. at 388, 702 F.2d at 1125.

**9.** We noted that "[w]ere we to consider all [Group II] petitions as simultaneous, we would risk violating a sister court's province to decide the effect of a petition filed with that court." *Id.*

**10.** *Id.*

**11.** *Id.*

**12.** *Public Serv. Co. v. FERC,* 716 F.2d 778 (10th Cir.1983).

**13.** *Id.* at 780.

**14.** *Id.*

**15.** *Id.*

**16.** Petition for Rehearing and Recall of Mandate of City of Gallup at 6.

**17.** See 16 U.S.C. § 825*l*(b) (1982).

this court responds favorably to the present request.

These circumstances clearly necessitate a reopening of the matter. Just as clearly, they could not have been foreseen by Gallup during the normal time period for presentation of a petition for rehearing.[18] We thus will allow Gallup to file its petition for rehearing, and will reinstate Gallup's Group III petition for review. We will, however, transfer that petition to the Tenth Circuit, wherein the remainder of the litigation is now pending,[19] the administrative record has been ordered filed,[20] and exclusive jurisdiction to review will reside.[21]

*Order accordingly.*

**18.** See Fed.R.App.P. 40(a).

**19.** See 28 U.S.C. § 2112(a) (1976).

**20.** See text *supra* at note 15.

**21.** See 16 U.S.C. § 825*l*(b) (1982).