ASSOCIATED GAS DISTRIBUTORS,
Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Public Service Commission of the State
of New York, et al., Intervenors.

OFFICE OF the CONSUMERS' COUN-
SEL, STATE OF OHIO, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Public Service Commission of the State
of New York, et al., Intervenors.

ASSOCIATED GAS DISTRIBUTORS,
Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Public Service Commission of the State
of New York, et al., Intervenors.

OFFICE OF the CONSUMERS' COUN-
SEL, STATE OF OHIO, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Public Service Commission of the State
of New York, et al., Intervenors.

ASSOCIATED GAS DISTRIBUTORS,
Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Public Service Commission of the State
of New York, et al., Intervenors.

PUBLIC SERVICE COMMISSION OF
the STATE OF NEW YORK,
Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Washington Gas Light Company, et
al., Intervenors.

CITIES OF CHARLOTTESVILLE AND
RICHMOND, VIRGINIA, Petitioners,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, RESPONDENT,

Dayton Power and Light Co., et
al., Intervenors.

CITIZEN/LABOR ENERGY
COALITION, Petitioners,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Dayton Power & Light Company, et
al., Intervenors.

BALTIMORE GAS AND ELECTRIC
COMPANY, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Dayton Power and Light Company, et
al., Intervenors.

PROCESS GAS CONSUMERS
GROUP, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Public Utilities Commission of Ohio,
et al., Intervenors.

Nos. 84–1096, 84–1099 to 84–1102,
84–1135, 84–1142, 84–1143,
84–1146 and 84–1179.

United States Court of Appeals,
District of Columbia Circuit.

On Motions to Dismiss or Transfer.

Decided July 27, 1984.

Willam I. Harkaway, Washington, D.C., with whom R. Clyde Hargrove, Shreveport, La., Giles D.H. Snyder and Stephen Small, Charleston, W.Va., were on the motion to dismiss or transfer prematurely filed petitions for review filed by intervenor, Columbia Gas Transmission Corp., in Nos. 84–1099, 84–1100, 84–1101 and 84–1102.

Sherman S. Poland, Washington, D.C., with whom John P. Gregg, Washington, D.C., and Edmunds Travis, Jr., Houston, Tex., were on the motion to dismiss or transfer prematurely or untimely filed petitions for review filed by intervenor, Exxon Corp., in Nos. 84–1096, 84–1099, 84–1100, 84–1101, 84–1102 and 84–1135.

Before GINSBURG, BORK and STARR, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This opinion addresses motions to dismiss several petitions for review of two Federal Energy Regulatory Commission ("FERC") decisions: Opinion No. 204, issued January 16, 1984; and Opinion No. 204–A, issued March 16, 1984, denying rehearing of Opinion No. 204. Among the review petitions before the court are the three earliest filed. It is our task to determine the validity of those first-filed petitions. *See City of Gallup v. FERC,* 702 F.2d 1116, 1121 (D.C.Cir.1983), *on petition for rehearing,* 726 F.2d 772 (D.C.Cir.1984). We conclude that two of the three first-filed petitions are valid; accordingly, we direct FERC to file the record in this court. *See* 28 U.S.C. § 2112(a) (1982).

## I. BACKGROUND

The essential facts of this case are undisputed. On March 16, 1984, at approximately 3:00 p.m., FERC issued (by public posting) its Opinion No. 204–A, denying rehearing of its Opinion No. 204. The issuance triggered a race by various parties to file the first petition for review so as to secure review in their preferred forum.[1] At least

---

1. These races to the courthouse are prompted by the courts' interpretation of 28 U.S.C. § 2112(a) (1982), which provides in part:

    If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.

seven petitions for review were filed on March 16, 1984. The first three were filed in this court. Associated Gas Distributors ("AGD") filed the earliest petition for review ("Petition I") in docket number 84–1096 at 10:00 a.m. The second petition ("Petition II") was filed at 3:00 p.m. in docket number 84–1099 by the Office of the Consumers' Counsel, State of Ohio ("OCC"). The third petition for review ("Petition III") was filed by AGD at 3:01 p.m. in docket number 84–1100. The next two petitions for review were filed in the Third Circuit by Columbia Gas Transmission Corporation ("Columbia") ("Petition IV") and by Exxon Corporation ("Exxon") ("Petition V"). Both of the Third Circuit petitions were filed at 3:02 p.m. Finally, OCC filed a second petition for review ("Petition VI") in this court at 3:27 p.m. in docket number 84–1101 and AGD filed a third petition ("Petition VII") in this court in docket number 84–1102 at 3:28 p.m.

Columbia made elaborate preparations to ensure that its petition would be the first one filed after the posting of Opinion No. 204–A on the board at FERC's Office of Public Information ("OPI"). It set up a seven-person chain between the OPI and the Third Circuit's Clerk's Office in Philadelphia. The Columbia team—anticipating a 3:00 p.m. filing—kept a telephone line open between FERC and the Third Circuit from 2:50 p.m. until its petition was filed. One person was stationed in the OPI to watch for the posting of Opinion No. 204–A. He observed that the FERC employee in charge of posting orders did not begin posting until 3:01:30 p.m., and that Opinion No. 204–A was the fourth order posted, at approximately 3:01:32 p.m. When the order was posted, he signalled the next person in the relay, who was stationed at the door outside OPI and who then signalled a third person down the hallway, who in turn signalled the person keeping the telephone

line to Philadelphia open. The chain was completed in Philadelphia, where three people were stationed. When the person on the phone in Philadelphia received the message that Opinion No. 204–A had been posted, he shouted "file" to a person waiting down the hallway, who then shouted "file" to the final team member standing at the desk in the Clerk's Office. The final member notified a Clerk's Office employee who had agreed to stand in wait at the time-stamp machine with Columbia's petition (which had been prepared earlier) in her hand. According to Columbia, the procedure went "without a hitch," and its petition was time-stamped at 3:02 p.m.

AGD and OCC, like Columbia (and Exxon), anticipated correctly that FERC would issue Opinion No. 204–A on March 16, 1984. Also like Columbia, AGD and OCC were aware that FERC has a "long-standing practice" of posting orders twice a day, at 10:00 a.m. and 3:00 p.m. *See Public Service Co. of New Mexico v. FERC*, 716 F.2d 778, 780 (10th Cir.1983); *see also City of Gallup, supra*, 702 F.2d at 1119. Their petitions for review were filed in this court with much less ceremony, however. They simply arranged to have petitions for review ready to be filed as closely as possible to FERC's scheduled posting time. In an apparent excess of caution, AGD filed petitions at both 10:00 a.m. and 3:01 p.m., while OCC filed its petition at 3:00 p.m.

The Third Circuit petitioners argue that Petitions I–III were filed prematurely and that those petitions should therefore be dismissed or transferred to the Third Circuit, where they claim they have filed the first valid petitions for review. They have also filed motions to transfer Petitions VI and VII and other later-filed petitions for review to the Third Circuit.

---

This section sets up a two-part procedure for ascertaining the appropriate forum for review of an agency order:

> The court of first filing must be established, and then, once all petitions have been consolidated in that court, it must be determined whether the "convenience of the parties in the

interest of justice" counsels transfer to yet another circuit. Section 2112(a) creates a mechanical rule designed to prevent the agency from choosing the forum for review by filing the record as it pleased.

*City of Gallup, supra*, 702 F.2d at 1121.

## II. DISCUSSION

■ Our disposition of the motions to dismiss and to transfer depends on our determination of when Opinion No. 204–A should be deemed to have been issued, sounding the starting gun in this race to the courthouse. Administrative agencies have considerable latitude in determining the event that triggers commencement of the judicial review period. *See, e.g., Public Service Co., supra,* 716 F.2d at 780; *Southland Mower Co. v. United States Consumer Product Safety Comm'n,* 600 F.2d 12, 13 (5th Cir.1979); *Virginia Electric and Power Co. v. EPA,* 610 F.2d 187, 188 (4th Cir.1979). FERC regulations establish that a FERC order is "deemed issued" when the Secretary "[p]osts a full-text copy in the Division of Public Information." 18 C.F.R. § 385.2007(b) (1982).[2] Columbia and Exxon contend that a FERC order is not issued until it is physically posted in the Office of Public Information. They claim that their petitions for review, filed at 3:02 p.m., were the first petitions filed after the posting of Opinion No. 204–A on the board at FERC's OPI at approximately 3:01:32 p.m., and that all earlier-filed petitions were premature. AGD and OCC do not claim that opinion No. 204–A was physically posted at exactly 3:00 p.m., presumably because neither stationed anyone at the OPI to relay the actual time of posting. Rather, AGD and OCC assert that FERC's long-standing practice of posting orders at 10:00 a.m. and 3:00 p.m. has established 10:00 a.m. and 3:00 p.m. as the critical moments for ascertaining the validity of a petition for review, and that the critical moment in this case is therefore 3:00 p.m. Hence, they argue, Petitions II and III, filed at 3:00 p.m. and 3:01 p.m., are not premature.

Like *City of Gallup,* "[t]his case demonstrates the difficulties of administering ... a system [under which the first-filed petition determines the court that decides where venue should lie] when faced with zealous representatives employing modern technology. Yet, until Congress changes the present scheme, courts must deal with the situation as best they can." 702 F.2d at 1125 (footnote omitted).[3] Fortunately, a persuasive Tenth Circuit decision guides and facilitates our disposition. In *Public Service Co. of New Mexico v. FERC,* the Tenth Circuit concluded: "The Secretary of the FERC has determined that 10:00 a.m. and 3:00 p.m. are the critical moments in regard to FERC orders"; therefore "10:00 a.m. or 3:00 p.m., or for future cases whatever time the Secretary determines as critical, is the first moment at which a petition for review of an order can be timely filed even if the order is physically posted somewhat before that time." *Public Service Co., supra,* 716 F.2d at 780. Although the Tenth Circuit addressed the question in the context of an order physically posted *before* the scheduled posting time, its decision to rely on FERC's "long-standing" posting hours is equally applicable to orders posted shortly *after* the scheduled posting time.[4]

---

**2.** The regulation provides:

> (1) Any Commission rule or order is deemed issued when the Secretary does the earliest of the following:
> (i) Posts a full-text copy in the Division of Public Information;
> (ii) Mails or delivers copies of the order to the parties; or
> (iii) Makes such copies public.

18 C.F.R. § 385.2007(b) (1982). Only subsection (i) is relevant in this case. The regulation addressing issuance of FERC orders was amended in 1982. The earlier rule, 18 C.F.R. § 1.13(b) (1981), contained no reference to posting. It merely provided that "the day of issuance of an order shall be the day the Office of the Secretary mails or delivers copies of the order (full text) to the parties or their attorneys of record, or makes such copies public, whichever be the earlier."

**3.** A bill currently before the Subcommittee on Administrative Law and Governmental Relations of the House Committee on the Judiciary would amend the venue provisions of 28 U.S.C. § 2112(a) by providing that when proceedings are instituted in two or more courts of appeal within ten days after issuance of an agency order, the judicial panel on multi-district litigation would randomly select the court in which the record should be filed. *See* H.R. 5365, 98th Cong., 2d Sess. (1984).

**4.** The Third Circuit petitioners suggest that *Public Service Co.* is distinguishable because it was decided while the predecessor to FERC's current posting rule was in effect. *See supra* note 2.

■ We agree with the Tenth Circuit that the scheduled posting time should control the validity of petitions for review, as long as the actual posting time is within a few minutes of the scheduled time. To hold otherwise would require the courts to ascertain the precise moment that a particular order was posted and would permit the race to the courthouse to run with an advantage to those able to send a body with split-second clock and walkie-talkie to FERC. We do not believe this result is either necessary or desirable.

■ Applying the scheduled-posting-time rule to the petitions for review filed with this court, we conclude that Petition I, filed at 10:00 a.m., was filed prematurely. Accordingly, Petition I should be dismissed. Petition II, filed at 3:00 p.m., and Petition III, filed at 3:01 p.m., were filed on or after the 3:00 p.m. scheduled posting time and are therefore valid.[5] The motions to dismiss these petitions are denied. Our conclusion that these petitions are valid makes Petitions VI and VII duplicative, and we dismiss both of those petitions for review. Finally, the motions to transfer Petitions VI and VII and other later-filed petitions are dismissed as moot, and FERC is directed to file the administrative record in this court. 28 U.S.C. § 2112(a) (1982).

*It is so ordered.*

---

They argue that the rule amendment adding a reference to "posting" reflects FERC's belief that the actual time of posting, rather than the scheduled posting time of 10:00 a.m. or 3:00 p.m., is crucial for judicial review purposes. We believe it more likely that the rule was adopted simply to confirm the fact that FERC issues some of its orders by posting them.

5. Even were the court to adopt the Third Circuit petitioners' interpretation of FERC's filing rule, it would not be clear that Petition III was filed prematurely. As AGD points out, the file stamp in this circuit's Clerk's Office does not register seconds: the stamp "3:01" actually means "between 3:01 p.m. and 3:02 p.m." Thus, there is no way to tell whether AGD's petition was filed just before or just after FERC posted Opinion No. 204–A.