SUPERIOR INDUSTRIES
INTERNATIONAL, INC.,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 88–1917.

United States Court of Appeals,
First Circuit.

Nov. 22, 1988.

Before CAMPBELL, Chief Judge,
COFFIN and SELYA, Circuit Judges.

## MEMORANDUM AND ORDER

Entered November 22, 1988

The National Labor Relations Board (NLRB) has filed a motion to transfer a petition for review to the United States Court of Appeals for the Ninth Circuit. United Automobile, Aerospace and Agricultural Independent Workers of America, AFL–CIO, Local 645 (the Union), has intervened and filed a corresponding motion requesting the same resolution. The transfer of the petition for review has been opposed by Superior Industries International, Inc. (the Company). After careful consideration, we conclude that transfer is appropriate.

These proceedings arise from a decision and order of the NLRB which was issued on July 14, 1988 and reported at 289 NLRB No. 106. This decision and order, in most respects, found in favor of the Union and against the Company, concluding that the Company had engaged in unfair labor practices. The particulars need not be articulated here. The motions of the parties indicate that the following sequence of relevant events occurred. On or about July 27, 1988, pursuant to 29 U.S.C. § 160(f), the Union filed a petition with the United States Court of Appeals for the Ninth Circuit, seeking review of that portion of the NLRB's decision and order which denied the Union recovery of its litigation costs and expenses. The Company subsequently filed a motion for reconsideration with the NLRB which was denied on August 29, 1988. The Company was allowed to intervene in the Union's petition for review filed in the Ninth Circuit. On September 12, 1988, the Company filed a petition for review of the NLRB's July 14 and August 29, 1988 orders in the United States Court of Appeals for the First Circuit. Shortly thereafter, the Union intervened in the Company's petition for review in this court and, by way of the motion before us, has requested transfer of the case to the Ninth Circuit pursuant to 28 U.S.C. § 2112(a). The Company has asked that we deny the motion to transfer "in the interests of justice" pursuant to both 28 U.S.C. § 2112(a) and the inherent power of courts of appeals to transfer or not transfer a case to another circuit.

The answer to the contest between the parties is simple and straightforward, and dictates that transfer is the correct solution. Pursuant to 29 U.S.C. § 160(f), any party aggrieved by a final order of the Board granting or denying the relief sought may file a petition for review of that order in the court of appeals where the

**2**

alleged unfair labor practice occurred or where the aggrieved party resides or transacts business. This section goes on to provide that the record shall be filed with the court as provided in 28 U.S.C. § 2112. According to 28 U.S.C. § 2112, where two or more petitions for review are filed with different courts of appeals, the record should be filed in the court of first filing, and later-filed petitions should be forwarded to that court. The court of first filing may then transfer the case to any other court of appeals for the convenience of the parties or in the interest of justice. *See* 28 U.S.C. § 2112(a); *City of Gallup v. F.E.R.C.*, 702 F.2d 1116 (D.C.Cir.1983), *reh'g granted*, 726 F.2d 772 (D.C.Cir.1984) (reinstatement of one petition for review which was dismissed as duplicative prior to transfer of other petitions to Tenth Circuit); *N.L.R.B. v. Bayside Enterprises, Inc.*, 514 F.2d 475 (1st Cir.1975). Thus, § 2112 is intended to be a mechanical rule for determining which court should determine venue in the case of conflicting petitions for review. In the instant case, the first petition was filed by the Union on or about July 27, 1988 in the Ninth Circuit, where the Company transacts business and where the unfair labor practices were found to have occurred. The second petition was filed by the Company on September 12, 1988 in the First Circuit, where the Company, by its own description, also transacts business. Under § 2112, the sequence of filings clearly indicates that the record should remain in the Ninth Circuit, and that the proceedings which were initiated in the First Circuit should be transferred to the Ninth. Although the Company has questioned the validity of the first-filed petition for review, it is for the court where the first petition was filed to assess its validity or invalidity, and to act accordingly. *City of Gallup, supra*, at 1124. We may not pass judgment on the proceedings before the Ninth Circuit, since "[i]t would be precipitous for one court to act on its opinion of the validity of another court's case." *Id. See also NLRB v. Bayside Enterprises, Inc., supra*, at 476. Should the Ninth Circuit conclude that the first petition filed is frivolous, premature, or otherwise invalid, it will be free to transfer whatever proceedings remain to an appropriate venue.

The motion to transfer the proceedings before us to the Ninth Circuit is hereby granted.