# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2021

Lyle W. Cayce
Clerk

No. 17-60828

CONSOLIDATED WITH

No. 20-60929

NATIONAL PARKS CONSERVATION ASSOCIATION; SIERRA CLUB; ENVIRONMENTAL DEFENSE FUND,

*Petitioners,*

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; JANE NISHIDA, ACTING ADMINISTRATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondents.*

Petitions for Review of
Environmental Protection Agency Rules
82 Fed. Reg. 48,324 and 85 Fed. Reg. 49,170

Before DAVIS, STEWART, and DENNIS, *Circuit Judges.*

PER CURIAM:

Respondent-Intervenors, Luminant Generation Company LLC, Big Brown Power Company LLC, Luminant Mining Company LLC, Coleto Creek Power, LLC, Southwestern Electric Power Company, NRG Texas

Power LLC, and Southwestern Public Service Company, jointly move this Court to reconsider two orders issued in this matter. Specifically, Respondent-Intervenors request reconsideration of this Court's order denying without prejudice their motion to confirm venue and order transferring this consolidated proceeding to the Court of Appeals for the D.C. Circuit. Petitioners, the National Parks Conservation Association, Sierra Club, and Environmental Defense Fund, oppose the motion. Respondents, Environmental Protection Agency and the EPA Administrator (collectively "EPA"), support the motion. For the reasons stated below, we DENY the motion to reconsider.

## Background

On December 18, 2017, Petitioners filed a Petition for Review in this Court challenging the EPA's rule entitled, "Promulgation of Air Quality Implementation Plans; State of Texas; Regional Haze and Interstate Visibility Transport Federal Implementation Plan," which was published in the Federal Register on October 17, 2017, at 82 Fed. Reg. 48,324 ("2017 Rule"). Petitioners also filed with the EPA a Petition for Reconsideration of the 2017 Rule, requesting the EPA "to reconsider certain aspects" of the 2017 Rule. Petitioners contended that the 2017 Rule was adopted without following notice and comment requirements and that it was unlawful, arbitrary, and capricious in various ways. Petitioners and the EPA thereafter filed a joint motion in this Court requesting that the Petition for Review of the 2017 Rule be held in abeyance pending the EPA's resolution of the Petition for Reconsideration and the completion of any reconsideration process concerning the 2017 Rule. This Court granted the motion and requested status reports every three months.

In response to the Petition for Reconsideration, the EPA "announced its intention to convene a new rulemaking proceeding to solicit public

comment on certain aspects of the [2017] Rule." Status Report (filed 6/4/18), p. 2. On July 2, 2020, the EPA informed this Court that it had "completed reconsideration proceedings" and that it would be issuing a 2020 Rule that "affirm[ed] portions of the [2017 Rule] and amend[ed] other portions." Status Report (filed 7/2/20), p. 2. The 2020 Rule, also entitled "Promulgation of Air Quality Implementation Plans; State of Texas; Regional Haze and Interstate Visibility Transport Federal Implementation Plan," appeared in the Federal Register on August 12, 2020, at 85 Fed. Reg. 49,170. It specifically states that it "affirm[ed]" several aspects of the 2017 Rule and that it "amend[ed]"other provisions of the rule. *See id.* at 49,176-87.

Petitioners then sought review of the 2020 Rule. They first filed a Petition for Review challenging the 2020 Rule in the D.C. Circuit Court of Appeals and next filed a "protective" Petition for Review of the 2020 Rule in this Court. Petitioners also filed a motion requesting the D.C. Circuit to confirm that venue was proper in that court. Shortly thereafter, Respondent-Intervenors filed a motion requesting that this Court lift the abeyance of the 2017 proceeding, consolidate the 2017 proceeding with the newly-filed 2020 proceeding, and confirm that venue lies in this Court for the consolidated proceeding. The motion was granted as to the request to lift the abeyance based on the EPA's completion of its reconsideration of the 2017 Rule. *Nat'l Parks Conservation Assoc. v. EPA*, No. 17-60828 (5th Cir. Dec. 23, 2020) (Davis, J.).The motion was also granted as to the request for consolidation because "[t]here can be no question that the 2020 Rule, which presumably supersedes the 2017 Rule, will either control [the 2017] proceeding or substantially influence it." *Id.* at 3. However, the motion was denied without prejudice as to the request to confirm venue of the consolidated cases because the consolidated cases were being transferred to the D.C. Circuit under 28

U.S.C. § 2112 for that court to determine venue.[1] Respondent-Intervenors now move this Court to reconsider the order denying without prejudice their request to confirm venue and the order transferring this consolidated proceeding to the D.C. Circuit.

## Discussion

As described above, Respondent-Intervenors moved this Court to consolidate Petitioners' challenges to the 2017 Rule and the 2020 Rule, the EPA supported consolidation, and Petitioners did not oppose consolidation. No party asserts that consolidation of the two proceedings was erroneous. Moreover, although Respondent-Intervenors dispute that the 2020 Rule "supersedes" the 2017 Rule, no party disputes that the 2020 Rule will "control" or "substantially influence" review of the 2017 Rule. Once the proceedings were consolidated, this Court could not ignore that, with respect to the 2020 Rule, there was another Petition for Review pending in the D.C. Circuit that Petitioners had filed prior to the "protective" one they filed here and that a motion to confirm venue in the D.C. Circuit was also pending.

Although not cited by the parties, this Court noted that § 2112 provides a "mechanical rule for determining which court should determine venue in the case of conflicting petitions for review." *Superior Indus. Int'l v. N.L.R.B.*, 865 F.2d 1, 2 (1st Cir. 1988). Specifically, "[i]f proceedings are instituted in two or more courts of appeals with respect to the same

---

[1] The order transferring the consolidated cases was issued in response to Petitioners' motion to hold the 2020 proceeding in abeyance until the D.C. Circuit ruled on their motion to confirm venue in that court. The EPA recently notified this Court that it has requested that the D.C. Circuit hold the transferred-consolidated cases in abeyance in light of President Biden's January 20, 2021, Executive Order, which directs federal agencies to review administrative actions that may conflict with the climate crisis policy set forth in the Order.

[administrative agency] order," then the court in which the proceedings "were first instituted" should determine venue. *See id.*; § 2112(a)(1), (5).[2]

As pointed out by Petitioners, this Court has employed a "first-filed" rule, much like the rule set forth in § 2112, when faced with a competing challenge to the same administrative action in another court of appeals. The practice has helped to avoid the risk of conflicting decisions from continuing parallel litigation, and we have employed it especially with respect to the issue of venue. *See Sierra Club v. EPA*, No. 20-60303 (5th Cir. June 8, 2020) (Higginbotham, J.). Although Respondent-Intervenors direct us to cases wherein this Court has determined venue under the Clean Air Act ("CAA"), a close look at the procedural history of those cases shows that the Petitions for Review in those cases were first filed here.[3] Those cases are thus inapposite.

Respondent-Intervenors argue that even if a "first-filed" rule is applied here, the Petition for Review of the 2017 Rule filed in this Court was the first filed; consequently, this Court should decide the venue issue. Respondent-Intervenors cite no authority in support of their assertion that the 2017 Petition should control, even after consolidation with a proceeding involving a different agency rule that involves conflicting petitions for review filed in different courts of appeals. We also are unable to locate any instructive authority regarding how the "first-filed" rule set forth in § 2112

---

[2] Contrary to Respondent-Intervenors' contentions, the fact that the EPA already has filed the record for the 2020 Rule in this Court, and not in the D.C. Circuit, does not mean that the D.C. Circuit must transfer its proceedings here under § 2112(a)(5). This Court has specifically held in interpreting § 2112 that "an agency cannot subvert the congressional directive to file the record in the circuit where a party first appealed." Petitioners first sought review of the 2020 Rule in the D.C. Circuit.

[3] *See Texas v. EPA*, 983 F.3d 826, 832 (5th Cir. 2020); *Texas v. EPA*, 829 F.3d 405, 416 n.12 (5th Cir. 2016).

(or set forth in our precedent) should be applied to consolidated proceedings. In order to help avoid the risk of conflicting decisions from continuing parallel litigation, however, and considering that review of the 2020 Rule will control or substantially influence review of the 2017 Rule, we believe the 2020 Rule should be the agency action relied upon for purposes of § 2112 and the "first-filed" rule. Because Petitioners first filed their challenge to the 2020 Rule in the D.C. Circuit, that court should be the first to determine the venue question.

Respondent-Intervenors and the EPA argue that § 2112 is inapplicable here because venue cannot "possibly lie in the D.C. Circuit." They argue that § 2112 applies only when the first-filed action was a "proper" petition for review. They go on to advance the arguments previously asserted in their motion to confirm venue that venue is proper only in this Court under the CAA.

As noted by a sister circuit, however, "it is for the court where the first petition was filed to assess its validity or invalidity, and to act accordingly." *Superior Indus. Int'l,* 865 F.2d at 2 (citation omitted). Should the D.C. Circuit conclude that venue in the first-filed petition for review is improper in its court under the CAA, then it will be free to transfer the proceeding to an appropriate venue. *See id.* However, that is a decision the D.C. Circuit should make, not this Court.

Finally, Respondent-Intervenors can show no prejudice from our orders consolidating and transferring the consolidated cases. They are free to make their arguments regarding venue to the D.C. Circuit.

Based on the foregoing,

IT IS ORDERED that Respondent-Intervenors' motion for reconsideration is DENIED.